UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA
_____ DIVISION

| | |
|---|---|
| 1. MARCUS HENSLEY, and<br>2. LATERIAL HENSLEY,<br><br>Plaintiffs,<br><br>v.<br><br>1. 3M COMPANY,<br>2. 3M OCCUPATIONAL SAFETY LLC,<br>3. AEARO TECHNOLOGIES LLC,<br>4. AEARO HOLDINGS, LLC,<br>5. AEARO INTERMEDIATE, LLC and<br>6. AEARO, LLC<br><br>Defendants. | Case No. _____<br><br>**MOTION TO QUASH**<br><br>*Related to IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION, CASE NO. 3:19-MD-2885 (Marcus and Laterial Hensley, Civil Case No. 7:20-cv-00093)* |

**MOTION OF PLAINTIFFS MARCUS AND LATERIAL HENSLEY
TO QUASH SUBPOENA TO THIRD PARTY TIMOTHY WHITE**

COME NOW Plaintiffs Marcus and Laterial Hensley to move to quash the subpoena issued to third party Timothy White by Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo Intermediate, LLC and Aearo, LLC (collectively, "3M"). The subpoena should be quashed pursuant to Fed.R.Civ.P. 45(d)(3)(A) and the other authorities the Plaintiffs invoke and rely on.

**Statement of Facts in Support of Relief**

1. The subpoena to third party Timothy White is Exhibit 1 of this Motion. It was noticed by 3M to the Plaintiffs on October 30, 2020, the same day it was issued. Exhibit 2. The compliance time and date set by the subpoena is 5 p.m. on November 13, 2020. *Id.* Compliance is required in this judicial district. *Id.*

2. This Motion is timely filed prior to the time and date for compliance.

3. 3M has not produced proof that the subpoena has been served.

4. The issuing court of the subpoena is the U.S.D.C. for the Northern District of Florida, for the proceeding *IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION*, CASE NO. 3:19-MD-2885 (Marcus and Laterial Hensley, Civil Case No. 7:20-cv-00093).

5. The third party to whom the subpoena is issued, Timothy White, was counsel of record for Plaintiff Marcus Hensley in a prior proceeding. Exhibit 3. Any information requested from Mr. White by 3M by the subpoena arises from that attorney-client relationship, *to the exclusion of other reasons*.

6. Mr. Hensley has not waived the attorney-client privilege which arises from, attaches to, and protects from disclosure information in Mr. White's possession. Mr. Hensley has not consented to any production of information by White to 3M which may be responsive to the subpoena. Nor has Ms. Hensley waived any privilege or consented to any such production.

7. 3M demands that Mr. White produce all non-privileged communications, case files, documents, and other information based on his representation of Mr. Hensley in the prior proceeding. *See* Exhibit 1 at p. 5, ¶¶ 7-8. The other requests in the subpoena encompass and duplicate the discovery requests of 3M to Mr. and Ms. Hensley in the underlying case in the issuing court. The Hensleys' responses in the underlying case show that 3M has sought and received from the Plaintiffs information in their possession which (1) relates to Mr. Hensley's hearing loss, military service, and use of the defective earplug at issue in the underlying case, and (2) is not privileged from disclosure. *See* Exhibits 4-5. 3M demands similar information from Mr. White. Exhibit 1 at pp. 4-5, ¶¶ 1-6, 9-10.

8. 3M's requests to the Plaintiffs in the underlying case are broader than the requests to Mr. White, and due to that breadth, the requests in the underlying case generally capture or

2

address the same information sought from White. *Compare* Exhibit 1, *with* Exhibits 4-5. However, the requests to the third party, given his role as Mr. Hensley's prior attorney, capture information not possessed by the Hensleys *or which they would not have disclosed in the underlying case based on privilege*. This includes privileged client communications (inclusive of confidential marital communications), attorney work-product, and publicly-available (non privileged) information such as pleadings and hearing transcripts. Notwithstanding 3M's use of the "non-privileged" qualifier, 3M demands from Mr. White the "case files" and the attorney's notes of conversations with Mr. Hensley, among the other requests for information. Exhibit 1 at p. 5, ¶ 8 & Sch. A. Definition No. 1 (demanding case files and defining communications to include "[d]ocuments evidencing oral communications").

9. The subpoena provides no instruction or explanation of what, in 3M's view, constitutes a privileged or a non-privileged oral or written communication between Mr. White and his client Mr. Hensley, or what is a privileged or non-privileged case file. The subpoena gives no instruction to provide a privilege log for information withheld for privilege (whether attorney-client privilege, work-product privilege, or martial communication privilege), and it does not alert Mr. White to the protective order which has been entered in the underlying case by the subpoena issuing court (Pretrial Order No. 9, "STIPULATED ORDER GOVERNING CONFIDENTIALITY AND PRIVILEGE."). 3M makes no provision for withholding medical and health information protected from disclosure by law, and it does not even purport to provide a release to White by Mr. Hensley for disclosure of any such protected health or medical information.

10. The subpoena asks the third party for non-privileged information by Ms. Hensley, again without an instruction or explanation of what, in 3M's view, constitutes a privileged or non-privileged communication. Ms. Hensley possesses a privilege in any record in the attorneys'

possession which is a confidential marital communication. She repeatedly has invoked that privilege against 3M's discovery requests to her in the underlying case in the issuing court. *E.g.*, Exhibit 4 at p. 5.

11.     On October 1, 2020, one month before 3M noticed and issued the subpoena, the Plaintiffs offered to review the subpoena to determine if they could agree in any degree to requests to Mr. White. Exhibit 6. 3M never replied, choosing instead to force judicial intervention in the matter.

## Argument

This Court, because it is the compliance court, has jurisdiction to hear and decide this Motion, or it may transfer the Motion to the court which issued the subpoena. *E.g., Diamond Consortium, Inc. v. Manookian*, 2016 U.S. Dist. LEXIS 195437 (E.D. Tex. Oct. 25, 2016) The subpoena is due to be quashed for the reasons below.

### 1.     **The Plaintiffs have standing to move to quash.**

The Plaintiffs, because they assert and claim "a personal right or privilege" in the information subpoenaed from the third party, "have standing to challenge the subpoena[]." *Cruthis v. Vision's*, 2013 U.S. Dist. LEXIS 171483, at *5-6 (E.D. Ark. Dec. 5, 2013). Specifically, "a party to litigation may raise or join in a motion to quash in order to raise a claim of privilege." *Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, 2018 U.S. Dist. LEXIS 194993, at *5 (D. Minn. Nov. 15, 2018). Fed.R.Civ.P. 45(d)(3)(A)(iii) states that the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies."

Without question, Mr. Hensley possesses a privilege in Mr. White's record of service as Hensley's attorney. "[C]onfidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client. That rule expresses the

4

'attorney-client' privilege proper." *Diversified Indus. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977). *Accord* 12 Okl. St. § 2502 ("Attorney-Client Privilege"). The privilege extends to communications "made for the purpose of facilitating the rendering of legal services to the client." *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) (citing *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984)). It extends to Mr. White's work product for Hensley. *E.g. Edelstein v. Optimus Corp.*, 2012 U.S. Dist. LEXIS 82340, at *11 (D. Neb. June 14, 2012) ("Because the work product privilege protects not just the attorney-client relationship but the interests of attorneys to their own work product, both the attorney *and the client hold the privilege*.") (emphasis added) (citing *In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007)).

Likewise, for the same reasons above, Ms. Hensley possesses and asserts a privilege in any record Mr. White possesses which is a martial communication the attorney obtained because he represented the spouse. Ms. Hensley has standing with her husband, accordingly.

    **2.**    **<u>3M cannot show that the Hensleys waived the privileges.</u>**

The Plaintiffs have not waived their privileges, and 3M cannot show otherwise. Indeed, 3M ignored the Plaintiffs' offer to review the requests to Mr. White beforehand and potentially compromise by agreeing to them in any degree. The fact that the privileges operate against the subpoena is key, notwithstanding 3M's frequent use of the qualifier "non-privileged" to state the requests. As shown, 3M demands all the attorney's case files without instruction or explanation for withholding for privilege or reference to the protective order of the issuing court. The likelihood that the privilege will be breached by the third party's response, if he responds, is high. The likelihood cannot be discounted, especially when the documents demanded include attorney notes of conversations with Mr. Hensley, as shown. The risk is *clear and compounded* by 3M's *unqualified* demand for (1) all information (not privileged *and* privileged) from law

5

firms concerning Mr. Hensley, irrespective of any connection to the matter in which Mr. White served as Hensley's counsel, and (2) all recent communications (not privileged *and* privileged) with the client. Exhibit 1 at p. 6, ¶¶ 11-12. Mr. Henley had more than one firm and attorney represent him in the matter at different times. 3M noticed and issued the same subpoena to those other attorneys (there are three of them) on October 30th, the same day it subpoenaed Mr. White. (The compliance court in those other three instances is not this Court.) These unqualified requests appear to overtly target privileged information. Accordingly, for that reason and the other reasons set out in this Motion, the Plaintiffs are due reasonable relief to thwart the risk that their privileged information may be disclosed.

### 3. **Plaintiffs were not afforded a reasonable time to oppose the subpoena**.

A party's intent to subpoena documents from third parties must be noticed on the opposing party a reasonable amount of time before the subpoenas are issued and served. This reasonable amount of time between service of the notice and actual issuance and service of the subpoenas is intended to afford the opponent an opportunity to object to the discovery and or to move to quash the subpoenas. "This notification requirement exists, in part, to allow a party to object to both the substance of the subpoena and its service on the nonparty." *United States EEOC v. Bojangles' Rests., Inc.*, 2017 U.S. Dist. LEXIS 105347, at *5 (E.D.N.C. July 6, 2017) (quoting *Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2015 U.S. Dist. LEXIS 140798, 2015 WL 6110859 (M.D.N.C. 16 Oct. 2015)). The subpoena fails that test for three reasons: (1) 3M issued and undertook to serve it the same day it notified Plaintiffs of their intent to serve it, (2) 3M demanded compliance from Mr. White by the 14th day after issuance (or a lesser amount of time if service took place a day or more after issuance), and (3) 3M refused and ignored the Plaintiffs' offer to review and approve or oppose the requests to Mr. White before the subpoena was issued.

    **4.**    <u>**The subpoena fails to afford a reasonable time for compliance**</u>.

Fed.R.Civ.P. 45(d)(3)(A) requires that non-parties be afforded a reasonable time to comply with a subpoena. This subpoena fails that test, because it does not provide adequate time to undertake and complete the time-consuming steps required to identify and produce responsive, non-privileged documents and to otherwise comply with the instructions and requests in the subpoena. This failure is conspicuous because 3M expects the third-party attorney, in a matter of days, to review the case files and produce communications with or from Mr. Hensley which are not protected from disclosure by (1) the attorney-client relationship, (2) the work-product doctrine (inclusive of attorney notes of conversations with the client), or (3) the martial communication privilege (if Hensley provided marital communications to his counsel). It is highly likely that *all such communications are privileged*, but 3M nonetheless demands that the attorney immediately and completely comb and examine the files on the off chance that the search produces a non-privileged communication. This assumes 3M is taken at face value that it seeks only needles in the haystack (non-privileged items), not the haystack itself, *i.e.*, the case files entirely.

    **5.**    <u>**The subpoena is duplicative and cumulative**</u>.

3M seeks information from the non-party that it already sought from the Plaintiffs, primarily communications on the subjects of Mr. Hensley's military service, hearing injury, and use of the defective earplug. The subpoenas are due to be quashed for that reason, as follows:

> [A] district court has discretion to modify or quash a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought."

*United States v. Dean Foods Co.*, 2011 U.S. Dist. LEXIS 1848, at *2-3 (E.D. Wis. Jan. 3, 2011) (citing Fed. R. Civ. P. 26(b)(2) (cited by *Breland v. Levada EF Five, LLC*, 2015 U.S. Dist.

LEXIS 192553 (S.D. Ala. May 1, 2015)).  *Accord Cody v. City of St. Louis*, 2018 U.S. Dist. LEXIS 186017, at *7 (E.D. Mo. Oct. 31, 2018) ("If the party seeking the information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *see also Med. Components Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 n.9 (M.D.N.C. 2002) ("[T]he Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs.").

      6.    **<u>The subpoena is unduly burdensome in other respects</u>.**

In addition to the inadequate time to comply and the duplicative character of the subpoena, documents requests in the subpoena are unjust and unduly burdensome because they would require time-consuming and expensive steps to find and produce responsive, non-privileged documents possessed by Mr. White.  This burden is not the third party's alone, but also the Plaintiffs'.  They oppose the subpoena based on their direct, personal interest and privileges in the documents.  They have standing to assert those privileges and to win relief based on them, so it follows that they are entitled to review the records White possesses and withhold any documents from the records *before* Mr. White responds to 3M by producing any information.  The Hensleys will have to comb his case files on the off chance that any communications with the attorney, or other information in the files, are not privileged.  3M imposes that burden on the Hensleys, which is grossly unwarranted given that 3M already has obtained the same discovery from them.

To be sure, if 3M incorrectly argues that Mr. White alone bears the burden, its argument will fail nonetheless, because it cannot show that it has taken steps to avoid this undue burden and expense on the non-party.  The burden is very heavy, and 3M cannot show otherwise,

because Mr. White will have to examine each item in the case files and assess it for privilege. This failure to take steps to avoid imposing the burden is overwhelming ground alone for quashing the subpoenas. "Fed.R.Civ.P. 45 has since been amended and . . . makes it quite clear that the subpoenaing party has a duty to take steps to avoid imposing undue burden or expense on a subpoenaed non-party and that the Court must enforce that duty." *Med. Components Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 n.9 (M.D.N.C. 2002).

7. **The subpoena seeks information which is not proportional**.

No effort to obtain proportional discovery reasonably related to needs in the underlying case is evident in certain of the requests in the subpoena. *See Scott v. Eglin Fed. Credit Union*, 2017 U.S. Dist. LEXIS 57034, at *7-9 (N.D. Fla. Apr. 13, 2017). 3M asks for all information on Mr. Hensley's military service in general, all case files in the matter for which Mr. White served as Hensley's attorney, all communications with other law firms concerning Mr. Hensley (whether privileged or not, no qualifier used), and all recent communications with the client (same). Exhibit 1 at pp. 4-6, ¶¶ 5, 8, 11-12. These requests, assuming they are even *marginally related* to any issue of fact in the underlying case (the Plaintiffs contend otherwise), are improper and objectionable under Fed.R.Civ.P. 26(b)(1). *See Scott*, 2017 U.S. Dist. LEXIS 57034, at *7-9. Proportionality aside, these requests are overly broad, another reason for relief. *See EEOC v. Unit Drilling Co.*, 2014 U.S. Dist. LEXIS 3685, at *10 (N.D. Okla. Jan. 13, 2014) ("The subpoenas are overbroad on their face. . . The subpoenas are overbroad as to the time period for which information is sought as well as to the breadth of personal information sought.").

## Conclusion

The subpoena is due to be quashed, or the Court should order that the Plaintiffs, *before any item from the third party is produced to 3M*, shall review the records at issue which Mr.

White possesses and to withhold from those records all (1) privileged information, (2) information which is not proportional to needs in the underlying case, and (3) publicly-available information such as hearing transcripts. The Plaintiffs would willingly accept that burden of review to protect their privileges, assuming the subpoena is not denied outright, ending the matter entirely, which is the foremost relief the Hensleys seek.

Dated:  November 13, 2020

Respectfully Submitted,

*/s/ Matthew B. Patterson*
Matthew B. Patterson, OK BAR NO 22266
Edwards & Patterson
321 South Third, Suite 1
McAlester, OK 74501
PH: 918-302-3700
FAX: 918-302-3701
Mpatterson@edwardspattersonlaw.com

and

/s/ Taylor C. Bartlett
(admission *pro hac vice* to be applied for)
Taylor C. Bartlett
Heninger Garrison Davis, LLC
2224 First Avenue North
Birmingham, AL 35213
Phone: 205.427.6630
Fax: 205-380-8085
taylor@hgdlawfirm.com

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the above and foregoing document to be served by overnight delivery, or via e-mail, at the email address shown, to the following person and counsel of record this day 13th day of November, 2020:

Timothy White
7906 East 55th Street
Tulsa, Oklahoma 74145

Larry Hill
Moore, Hill & Westmoreland, PA
350 W. Cedar St.
Pensacola, FL 32502
(850) 434-3541
lhill@mhw-law.com
*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holdings, LLC, Aearo*

                                        */s/ Matthew B. Patterson*____
                                        Matthew B. Patterson