**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,                                                    Case No. 3:19-md-2885

                                                              Judge M. Casey Rodgers
                                                              Magistrate Judge Gary R. Jones
This Document Relates to:

*Hensley v. 3M Company*
Case No. 3:20-mc-71
_____/

## ORDER

Pending before the Court is the Amended Motion of Plaintiffs Marcus

and Laterial Hensley to Quash Subpoena to Third Party Timothy White.

ECF No. 4.[1]  The MDL Defendants filed a response in opposition.  ECF No.

23.  The instant motion, therefore, is ripe for consideration.

Plaintiff Marcus Hensley and his spouse are Trial Group B Bellwether

Plaintiffs in this MDL.  On October 30, 2020, the MDL Defendants notified

Plaintiffs that they intended to serve a discovery subpoena for the

production of documents on non-party Timothy White pursuant to Federal

_____

[1] Plaintiffs filed their amended motion to quash in the Northern District of Oklahoma on
November 24, 2020, ECF No. 4, and, upon 3M's motion, ECF No. 7, Magistrate Judge
Christine D. Little transferred the amended motion to quash to this Court on December 9,
2020, ECF No. 17.

Rule of Civil Procedure 45.  ECF No. 4-2.  Mr. White was counsel of record

for Mr. Hensley in his most recent claim in federal court for Social Security

disability benefits and the appeal therefrom in the United States Court of

Appeals for the Eighth Circuit.  ECF No. 4-3; ECF No. 23 at 2.  The MDL

Defendants attempted to serve the subpoena on Mr. White the same day

they notified Plaintiffs, ECF No. 4 at 1, but they have yet to successfully

execute service, ECF No. 23 at 1, 6.

The MDL Defendants sought production of 12 categories of

documents, most of which related to Mr. Hensley's military service, his use

of the CAEv2, and his claims of hearing loss or tinnitus in the MDL.  ECF

No. 4-1 at 8–10.  Additionally, they subpoenaed "[a]ll documents, including

but not limited to, hearing transcripts in connection with *Hensley v. Colvin,*

Commissioner Social Security Administration, Case No. 4:14-cv-00030-

BSM-JJV (E.D. Ark. 2014), including the appeal to the Eighth Circuit Court

of Appeals[,]" and "all non-privileged case files concerning" the same case

and appeal.  *Id.* at 9.

Plaintiffs' motion to quash raises numerous challenges to the

subpoena.  ECF No. 4.  Plaintiffs argue: (1) that the subpoena seeks

confidential marital communications and information from Mr. White subject

to the attorney-client privilege and work-product protection, which have not

2

been waived; (2) that they were not afforded a reasonable time to oppose the subpoena; (3) that the subpoena fails to afford Mr. White a reasonable time to comply; (4) that the subpoena seeks duplicative and cumulative discovery; (5) that compliance with the subpoena is unduly burdensome; and (6) that the subpoena seeks information not proportional to Plaintiffs' claims. *Id.* at 4–9. The MDL Defendants refute each objection, in turn. ECF No. 23 at 5–13.

Rule 45 authorizes federal litigants to issue a subpoena for the production of "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(A)(iii). Before serving such a subpoena, the requesting party must serve a notice and copy on each party. Fed. R. Civ. P. 45(a)(4). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply before the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The court where compliance with the subpoena is required may transfer a motion to quash to the court from where the subpoena was issued. Fed. R. Civ. P. 45(f).

As a threshold matter, the Court must determine whether Plaintiffs have standing to challenge the subpoena directed to a non-party.  The general rule is that a party does not have standing to quash a subpoena served on a non-party unless the party claims a "personal right" or "privilege" with regard to the information subpoenaed.  *Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 1379, 1381 (N.D. Ga. 2016) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) [2]); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed.).

Plaintiffs have standing to raise their privilege claims.  *Boromei v. Amica Mut. Ins. Co.*, No. 8:15-cv-2221-T-23MAP, 2015 WL 12843225, at *1 (M.D. Fla. Oct. 29, 2015).  Plaintiffs may also move to quash the subpoena on the basis that the MDL Defendants failed to comply with the Rule 45(a)(4) "prior notice" requirement, the purpose of which is "to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena."  *Warren v. Delvista Towers Condo. Ass'n, Inc.*,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

No. 13-23074-CIV, 2014 WL 1608369, at *1 (S.D. Fla. Apr. 22, 2014).  Put

simply, that right is personal to Plaintiffs.  Plaintiffs, however, lack standing

to raise their remaining objections (that the subpoena imposes an undue

burden, seeks information that is cumulative and not proportional to the

needs of the case, and does not allow Mr. White a reasonable time to

comply).  *See Auto-Owners Ins. Co.*, 231 F.R.D. at 429 ("Defendants do

not have standing to quash the subpoenas on the grounds of oppression

and undue burden placed upon the third parties where the non-parties have

not objected on those grounds."); *see also Coalview Centralia, LLC v.

Transalta Centralia Mining LLC*, No. 3:18-cv-5639-RBL, 2019 WL 2563851,

at *1 (W.D. Wash. Mar. 21, 2019); *Uppal v. Rosalind Franklin Univ. of Med.

& Sci.*, 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015).[3]

---

[3] These objections nevertheless are without merit.  The subpoena provides Mr. White a reasonable time to retrieve and produce documents from his own records.  *Minor I Doe through Parent I Doe v. School Bd. for Santa Rosa Cty., Fla.*, No. 3:08-cv-361-MCR-EMT, 2009 WL 10674249, at *2 (N.D. Fla. Nov. 23, 2009).  Plaintiffs' bald assertion of undue burden is insufficient to quash the subpoena.  *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015); *see also John v. Keller Williams Realty, Inc.*, No. 6:19-cv-1347-Orl-40DCI, 2019 WL 7482200, at *2 (M.D. Fla. Nov. 19, 2019) ("Claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").  Lastly, the information sought from Mr. White is proportional to the needs of the case because it is directly relevant to Plaintiffs' claims of injury and for damages, and it is not duplicative or cumulative of other discovery the MDL Defendants have obtained.  It bears mentioning, that the subpoena to Mr. White was a "last resort" for the MDL Defendants, who "pursued numerous avenues to obtain documents from [Plaintiff's] Social Security proceedings to no avail."  ECF No. 23 at 10.

Turning to the merits, Plaintiffs' privilege claims ring hollow.  In view

of the broad language employed in the MDL Defendants' subpoena—

namely, seeking production of "[a]ll documents" in connection with one of

Plaintiff's cases—the Court appreciates Plaintiffs' concern that any

response from Mr. White may result in a violation of privilege.  ECF No. 4 at

5–6.  The MDL Defendants, however, make clear in their response to the

instant motion what they are seeking—"*non-privileged* documents from Mr.

White with respect to" Mr. Hensley's prior Social Security proceedings,

such as "briefings, pleadings, and hearing transcripts"—and those,

obviously, are not privileged.  ECF No. 23 at 6 (emphasis added).  These

documents were filed in federal court and, therefore, typically available to

the public.  To the extent some medical information therein was, or

remains, confidential, Mr. Hensley authorized a release for the Social

Security Administration to produce records that will likely include virtually

the same information.  ECF No. 23 at 2.  Therefore, Plaintiffs' speculation

that there is a "clear and compounded risk" privileged documents will be

produced by Mr. White in response to the subpoena is unsubstantiated.

Finally, the Court concludes that Plaintiffs received sufficient notice of

the subpoena under Rule 45(a)(4).  Although it is not ideal that the MDL

Defendants supposedly endeavored to serve the subpoena on Mr. White

6

the same day that they provided Plaintiffs notice of the subpoena itself,

ECF No. 4 at 1, the purpose of Rule 45(a)(4) has been met.  That is,

Plaintiffs had the opportunity to raise their objections in this motion to

quash prior to service of the subpoena, let alone any compliance.  *Warren*,

2014 WL 1608369, at *1.

In sum, the Court concludes that Plaintiffs' motion to quash the MDL

Defendants' subpoena to Mr. White must fail.  The subpoena does not

request the production of privileged information, and Plaintiffs received

sufficient "prior notice" of the subpoena under Rule 45(a)(4).  Plaintiffs,

otherwise, do not have standing to assert their remaining objections that

the subpoena imposes an undue burden, seeks information that is

cumulative and not proportional to the needs of the case, and does not

allow Mr. White a reasonable time to comply.

Accordingly, it is **ORDERED** that Plaintiffs' Amended Motion to

Quash, ECF No. 4, is **DENIED**.

**DONE AND ORDERED** this 12th day of January 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge